IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROZELIA BALLARD,** *Guardian for Warner Ballard, Incompetent* | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| **PEOPLE R US BOARDING HOME,** *et al.* | : | |
| Defendants. | : | NO. 10-5334 |

MEMORANDUM OPINION

**Rufe, J.**                                                                                                       April 22, 2014

Plaintiff has failed repeatedly to comply with the Orders of this Court, with the result being that there is no operative complaint to which Defendants can respond and defend themselves. As a result, this Court has no option but to dismiss the case for failure to prosecute.

In response to certain Defendants' motion to dismiss, the Court, by order dated June 17, 2012, directed Plaintiff to file an amended complaint within 21 days that: (1) specified whether Rozelia Ballard, as guardian of Warner Ballard, is still a Plaintiff or whether Warner Ballard is the only named Plaintiff; (2) named in the caption all Defendants against whom claims are asserted; and (3) specifically alleged the basis for liability against each individually named federal Defendant, including, if appropriate, facts supporting the existence of a special relationship between Plaintiff and these Defendants.

Plaintiff, who was then represented by counsel, did not comply with this Order, but instead, several months later, filed a motion for leave to file an amended complaint. The proposed amended complaint (attached as an exhibit to the motion) named only Warner Ballard as Plaintiff, but despite the specific directive of the Court, named only one defendant in the caption, followed by "*et al.*", even though the proposed amendment referred to five individual

employees of the Veterans Administration. The allegations against these Defendants were too vague to put Defendants on notice of the claims against them, and the proposed amendment failed to comply with the Court's order that Plaintiff allege facts supporting the existence of a special relationship between Plaintiff and these Defendants.[1] Therefore, by Order dated September 18, 2013, the Court again ordered Plaintiff to file a complaint that complied with the directive of the Court and stated a claim. This Order warned Plaintiff that "[f]ailure to file an amended complaint in compliance with this Order may result in sanctions, including dismissal of the case."[2] Plaintiff took no action in response to this Order until the Court received a letter from Rozelia Ballard, stating that she had been unable to contact counsel of record Daniel Linehan for some time, and that in November 2013, Mr. Linehan sent her an email stating that he no longer practiced law. Ms. Ballard requested an extension of time to secure new counsel, and by Order dated March 4, 2014, the Court granted until April 11, 2014, for the filing of an amended complaint and warned that failure to file an amended complaint would result in dismissal of this case for failure to prosecute.[3] No amended complaint has been filed, and the Court concludes that the action must be dismissed.

In determining whether the harsh sanction of dismissal is appropriate where the plaintiff has failed to prosecute, the Court weighs the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

---

[1] See, e.g., DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989); Youngberg v. Romeo, 457 U.S. 307 (1982).

[2] Doc. No. 63 at 2.

[3] The Order also provided that the "amended complaint must be filed by counsel except upon a showing that Warner Ballard is competent to represent himself." Mar. 4, 2014 Order at 2.

> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claims or defenses.[4]

Each factor need not weigh in favor of dismissal for the Court to dismiss a claim.[5] The Court accepts that some of the failures in this case are attributable to counsel, and therefore the Court will not weigh the personal responsibility factor heavily against Plaintiff. However, there has been an extended history of dilatoriness, which, while the Court does not find was in bad faith, must be considered willful after repeated delays. The Court also concludes that Defendants are prejudiced, as there is no operative complaint that sets forth the claims against Defendants and against which they can assert a defense.[6] Because no complaint has been filed that complies with the Court's directives, the Court cannot determine whether any claims that Plaintiff might assert are potentially meritorious. In sum, the case simply cannot proceed.[7] Upon balancing all of the factors, the Court will dismiss the case[8]; however, the dismissal will be without prejudice. An order will be entered.

---

[4] Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

[5] Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

[6] Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).

[7] Guyer v. Beard, 907 F.2d 1424, 1430 (3d Cir. 1990).

[8] Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008).